IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALEJANDRO BELLO,**

        **Petitioner,**

v.                                                        **Civil Action No. 2:18cv59**
                                                                 **(Judge Bailey)**

**ENTZEL, Warden,**

        **Respondent.**

## ORDER DENYING PETITIONER'S MOTION TO STAY AS MOOT, DIRECTING RESPONDENT TO RESERVE HIS MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT AND ISSUING ROSEBORO NOTICE

Currently pending before the court, is the Petitioner's Motion requesting the Court to stay this mater 60 days while he is in transit. The Motion was filed on October 12, 2018, and on November 13, 2018, the Petitioner filed a change of address indicating that he is now housed at FCI Terre Haute. Accordingly, the Petitioner's Motion to Stay [ECF No. 14] is **DENIED AS MOOT**.

On October 19, 2018, the Respondent filed a Motion to Dismiss or, alternatively for Summary Judgment. On October 30, 2018, the Respondent filed a Notice that the Motion and supporting memorandum which has been mail to the Petitioner at FCI Hazelton had been returned as undeliverable. The Petitioner having now informed the Court of his new address, the Respondent is hereby **ORDERED** to resend his Motion and memorandum to the Petitioner at his current address.

Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure are applicable to proceedings under 28 U.S.C. § 2254 to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Cases. Rule 1(b) provides that the

district court may apply any or all of the Rules governing § 2254 cases to a habeas petition other than a § 2254. Thus, generally, the summary judgment procedures, as stated in Rule 56 of the Federal Rules of Civil Procedure, may be applied in all habeas cases, including those filed under § 2241. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977); *Maynard v. Dixon*, 943 F.2d 407 (4th Cir. 1991).

Petitioner is **NOTIFIED** that, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Petitioner is further **NOTIFIED** that Rule 56(c) of the Federal Rules of Civil Procedure addresses the procedures for supporting a party's factual positions for consideration on summary judgment.

Petitioner must cite to particular parts of the materials in the record, which may include trial and other court transcripts and exhibits, depositions, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible evidence in order to show that there is a genuine dispute concerning a material fact or that the respondent cannot support his factual position with admissible evidence. Fed. R. Civ. P. 56(c)(1) and (2). Furthermore, the court may consider materials cited by either party or it may consider other evidence of record, even if the parties have not relied upon those materials. Fed. R. Civ. P. 56(c)(3). Any affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Petitioner is also **NOTIFIED** that a failure to respond to Respondent's Motion for Summary Judgment may result in entry of summary judgment denying the relief sought in the Petition and dismissing the suit. In preparing a response, Petitioner should be aware of the fact that a knowing assertion of a falsehood in order to avoid dismissal could, if proven, constitute perjury punishable by law. **Petitioner's response shall be filed within 60 days of entry of this Order, and shall not exceed twenty-five pages.**

IT IS SO ORDERED.

The Clerk shall mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: November 14, 2018.

*/s James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE